UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAVONTAE DYSON,<br>    Plaintiff,<br>v.<br>COMMISSIONER OF<br>SOCIAL SECURITY,<br>    Defendant. | No. 1:17-CV-750<br><br>HONORABLE PAUL L. MALONEY |

## ORDER ADOPTING R & R

This matter was referred to the Honorable Ray S. Kent, United States Magistrate Judge, whom issued a Report and Recommendation ("R & R") on August 23, 2018. (ECF No. 12.) The R & R recommends affirming the Commissioner's decision denying benefits because substantial evidence supported his conclusion that Plaintiff was not disabled and that the Commissioner correctly applied the law in reaching his decision.

Plaintiff Javontae Dyson timely filed objections (ECF No. 13), and the Commissioner responded. (ECF No. 14.)

Plaintiff is entitled to de novo review on the portions of the R & R for which he has articulated clear and specific objections. Fed. R. Civ. P. 72(b)(3). But "[O]bjections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition." *Owens v. Comm'r of Soc. Sec.*, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (quoting *Nickelson v. Warden*, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012)). The Court is not obligated to address objections that do not identify *specific* errors in the magistrate judge's proposed recommendations. *Id.*

Here, Plaintiff's objections are largely a restatement of the arguments he raised before the magistrate judge. (*Compare* ECF No. 10 at PageID.502-04 to ECF No. 13 at PageID.532-34.) However, he does raise one cognizable objection. Dyson argues that the Magistrate Judge erred "by assuming that there were no impairments or limitations" during the pertinent period (from December 31, 2007 to March 21, 2008). Dyson also faults the Magistrate Judge for excluding prescriptions for Albuterol and Hydrocholorothiazide from discussion of his doctor's April 6, 2007 treatment. Dyson notes that the prior diagnoses—morbid obesity, asthma, a torn meniscus, and hypertension—"do not magically disappear in a few months," and that, in fact, the conditions preceded and followed the relevant period.

However, Dyson does not address the finding of the ALJ—and noted by the Magistrate Judge—that he did not assert any physical impairments as the basis for his disability claim either in his papers or through his testimony at the hearing. Instead, Dyson premised his claim for disability solely on a low IQ. Moreover, Dyson sought no treatment between April of 2007 and March of 2008 for any of the complained-of conditions. No medical evidence, beyond the April 2007 diagnosis, supports Dyson's claims that his physical impairments would have impacted his RFC. Thus, the ALJ's findings relating to Dyson's physical limitations were supported by substantial evidence.

Additionally, the ALJ's decision to apply the grids, rather than taking testimony of a vocational expert, was supported by substantial evidence. Here, the ALJ found that, while Dyson suffered from a learned disability, he had engaged in numerous daily activities and had substantial gainful activity prior to the alleged onset of disability on January 31, 2007. The ALJ thus properly found that Dyson's non-exertional limitations had little or no effect

on the occupational base of unskilled work at all exertional levels. The ALJ thus properly analyzed the medical vocational guidelines to conclude that Plaintiff was not disabled. *See Kimbrough v. Sec'y of Heal. & Hum. Servs.*, 801 F.2d 794, 96-97 (6th Cir. 1986) (concluding that a claimant must show his nonexertional impairment "significantly limits" his ability to do a full range of work at the designated RFC level before having it taken into account for a nonguideline determination).

Based on the foregoing, **IT IS HEREBY ORDERED THAT** the Court **ADOPTS** the Report and Recommendation as the Opinion of the Court, **OVERRULES** Plaintiff's Objections, and **AFFIRMS** the decision of the Commissioner denying benefits to Plaintiff.

This case is **CONCLUDED**, and a separate judgment will issue.

**IT IS SO ORDERED.**

Date:   December 10, 2018                                              /s/ Paul L. Maloney
                                                                                          Paul L. Maloney
                                                                                          United States District Judge